1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9

10   ELEKTRA ENTERTAINMENT GROUP,)
     INC., et al.,              )
11                             )          No. C06-2047 SBA (BZ)
             Plaintiffs,        )
12                             )          **REPORT AND RECOMMENDATION ON**
         v.                     )          **PLAINTIFF'S MOTION FOR**
13                             )          **DEFAULT JUDGMENT**
     JUNISE KEYS,               )
14                             )
             Defendant.         )
15                             )
     _____)
16

17        By Order dated November 1, 2006, the Honorable Saundra

18   Brown Armstrong referred to me plaintiffs' motion for entry of

19   default judgment against defendant.  The following is my

20   report and recommendation for entry of default judgment.

21        On March 17, 2006, plaintiffs filed a complaint under the

22   Copyright Act of 1976, 17 U.S.C. §§ 101, <u>et seq</u>.  The

23   complaint alleges that defendant violated the Copyright Act at

24   least twenty-one separate times by downloading and/or

25   distributing twenty-one recordings without the permission or

26   consent of the plaintiffs.  Compl. ¶¶ 18, 16.  Plaintiffs

27   allege that proper notices of copyright for all twenty-one

28   recordings have been widely published, and that defendant's

                                    1

1    actions violate plaintiffs' exclusive rights of reproduction

2    and distribution.  Id. at ¶¶ 19, 18.  Plaintiffs plead

3    defendant's actions as willful and intentional, id. at ¶ 20,

4    and seek statutory damages under 17 U.S.C. section 504©),

5    injunctive relief pursuant to sections 502 and 503, and

6    reasonable costs pursuant to section 505.  See id. at ¶¶ 21,

7    22.  Specifically, plaintiffs seek the minimum amount of

8    statutory damages for each of the twenty-one violations

9    totaling $15,750.00, costs of litigation totaling $320.00, and

10   an injunction prohibiting defendant from present and future

11   infringement.  See id. at ¶ 22; Motion for Entry of Default

12   Judgment, at 2.

13       On May 29, 2006, plaintiffs had the complaint and related

14   papers personally served on defendant.  Defendant failed to

15   answer the complaint or otherwise defend the action.  On July

16   13, 2006, upon plaintiff's request, the Clerk of this court

17   entered defendant's default under Rule 55(a).  By its default,

18   defendant is deemed to have admitted the well-pleaded

19   averments of the complaint except those as to the amount of

20   damages.  See Fed. R. Civ. P. 8(d).  Plaintiffs' pleadings are

21   sufficient to demonstrate defendant's violations of the

22   Copyright Act.  See 17 U.S.C. §§ 106, 102(a)(7), 501(a) & (b);

23   see also Sony Music Entm't, Inc. v. Elias, 2004 WL 141959, at

24   *1, *3 (C.D. Cal. Jan. 20, 2004)

25       A court may not enter a default judgment against an

26   unrepresented minor, an incompetent person, or a person in

27   military service.  See Fed. R. Civ. P. 55(b)(2); 50 App.

28   U.S.C. § 521.  Plaintiffs' counsel has declared under penalty

1   of perjury that searches of various databases, including one

2   maintained by the Department of Defense, have disclosed that

3   defendant is not an infant, incompetent person, or a person in

4   military service.  Decl. Of Thomas Kerr in Further Supp. of

5   Mot. for Def. J. ("Kerr Decl.") ¶¶ 15, 16.

6       Pursuant to Rule 55(b)(2), the court may enter a default

7   judgment against a party against whom default has been

8   entered.  The decision to grant or deny a default judgment

9   under Rule 55(b) is within the discretion of the court.  Eitel

10  v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Although a

11  formal hearing is not required for a court to render a default

12  judgment, Davis v. Fendler, 650 F.2d 1154 (9th Cir. 1981), the

13  plaintiff has the burden of proving damages through testimony

14  or written affidavit.  If damages are ascertainable, however,

15  there is no need for an evidentiary hearing.  See Elias, 2004

16  WL 141959, at *4 (citing Ortiz-Gonzalez v. Fonovisa, 277 F.3d

17  59, 63-64 (1st Cir. 2002)).

18      Section 504(a) of the Copyright Act provides that a

19  copyright infringer may be liable for statutory damages under

20  section 504(c).  Section 504(c) allows a victim under the

21  statute to elect to recover statutory damages for each

22  violation "in a sum of not less than $750 or no more than

23  $30,000 as the court considers just."

24      By virtue of her default, defendant has admitted to

25  twenty-one violations of the Copyright Act.  Because

26  plaintiffs seek only the minimum statutory damages available

27  under the statute, the request is ascertainable and

28  reasonable.  See id.  I recommend that the court award

                            3

1  plaintiffs $750.00 for each of the twenty-one violations,

2  totaling $15,750.00.

3       In addition, section 505 of the Copyright Act allows the

4  court, in its discretion, to award reasonable attorneys' fees

5  and costs.  Plaintiffs' counsel has declared under penalty of

6  perjury that, in pursuing this claim, plaintiffs incurred a

7  $250.00 filing fee and a $70.00 service of process fee, for a

8  total of $320.00.  <u>See</u> Kerr Decl. ¶ 17.  The request,

9  supported by counsel's declaration, is reasonable.  <u>See</u> <u>Elias</u>,

10  2004 WL 141959, at *5 (citing <u>Discovery Comm., Inc. v. Animal</u>

11  <u>Plant, Inc.</u>, 172 F. Supp. 2d 1282, 1292 (C.D. Cal. 2001)).  I

12  recommend the court award plaintiffs $320 in litigation costs.

13       Finally, section 502 of the Copyright Act grants to the

14  court the authority to issue injunctive relief to "prevent or

15  restrain infringement of a copyright."  17 U.S.C. § 502(a).

16  "'Generally, a showing of copyright infringement liability and

17  the threat of future violations is sufficient to warrant a

18  permanent injunction.'"  <u>Jackson v. Sturkie</u>, 255 F. Supp. 2d

19  1096, 1103 (N.D. Cal. 2003) (quoting <u>Sega Enterprises, Ltd. v.</u>

20  <u>MAPHIA</u>, 948 F.Supp. 923, 940 (N.D. Cal. 1996)).  As explained,

21  defendant's admissions demonstrate twenty-one separate

22  violations of the Copyright Act.  Moreover, there can be no

23  assurance that defendant will not continue to infringe

24  plaintiffs' materials, be they now in existence or later

25  created.  <u>See</u> <u>Elias</u>, 2004 WL 141959, at *4-*5 (granting

26  injunctive relief with respect to plaintiffs' existing

27  materials and those created in the future).  I therefore

28  recommend that the court grant plaintiffs' request for

4

1  injunctive relief.

2       The evidence before me is sufficient to negate the need

3  for an evidentiary hearing.  For the foregoing reasons, I

4  recommend that judgment be entered in plaintiffs' favor

5  against defendant for a total award of $16,070.00.  This

6  amount includes $15,750.00 in statutory damages and $320.00 in

7  litigation costs.  In addition, I recommend that the court

8  grant plaintiffs the injunctive relief sought in their

9  complaint.

10 Dated: November 7, 2006

11

12                    _____

13                    Bernard Zimmerman
                    United States Magistrate Judge

14

15 G:\BZALL\-REFS\ELEKTRA ENTERTAINMENT\DEF.JUDG.ORDER.wpd

16

17

18

19

20

21

22

23

24

25

26

27

28